**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. CR-1-01-023 |
| | : | |
| Jeffrey T. Bailey, | : | Judge Dlott |
| | : | |
| Defendant. | : | |

## MOTION OF THE UNITED STATES OF AMERICA
## TO SUBSTITUTE VICTIMS FOR PURPOSES OF RESTITUTION

Now comes the United States of America and moves this Court for an Order substituting Elaine Chevalier for William Chevalier, a victim named in the Judgment and Commitment Order filed in this Action on January 23, 2002 on the grounds that this office has been notified of the death of victim William Chevalier. Grounds for said motion are more particularly set forth in the accompanying Memorandum In Support.

                                                    Respectfully submitted,

                                                    s/Deborah F. Sanders
                                                    DEBORAH F. SANDERS (0043575)
                                                    Assistant United States Attorney
                                                    Attorney for Plaintiff
                                                    303 Marconi Boulevard, Suite 200
                                                    Columbus, Ohio 43215
                                                    (614) 469-5715; Fax: (614) 469-5240
                                                    Deborah.Sanders@usdoj.gov

**Memorandum In Support**

On January 4, 2002, Defendant, Jeffrey T. Bailey ("Defendant") pled guilty to one count of fraud, False Reporting and Deception with Commodities Futures Contracts. The Defendant was ordered to pay restitution, in the amount of $573,600.00, to forty-six victims, including William Chevalier.

On approximately June 4, 2007, Plaintiff was provided with a death certificate from Elaine Chevalier, showing the death of her spouse William Chevalier, on September 24, 2006 (Exhibit A). The Defendant is not relieved of paying restitution if a victim dies. 18 U.S.C. 3663A (a)(2) provides that if the victim is deceased, "the victim's estate, another family member or any other person appointed as suitable by the Court may assume the victim's rights under this section, but in no event shall the defendant be named as such representative...". Elaine Chevalier is the sole heir to William Chevalier and therefore should be substituted as the named victim for restitution purposes. (Exhibit B)

For the foregoing reasons, Plaintiff respectfully requests that this Court amend the Judgment and Commitment Order to substitute Elaine Chevalier as a victim in place of William Chevalier,

so that any restitution received from Defendant in this case, may be made to Elaine Chevalier in the amount of $95,000.00.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Deborah F. Sanders
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5240
Deborah.Sanders@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant: Jeffrey T. Bailey, 1332 Kingfisher Court, Amelia, Ohio 45102.

s/Deborah F. Sanders
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney